IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID E. KALIN, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ASTRUE, Commissioner | : | |
| of the Social Security Administration | : | NO. 13-7642 |

### MEMORANDUM OPINION

Savage, J.                                                                                                    April 9, 2014

Moving to dismiss this appeal from the denial of Supplemental Security Income ("SSI") benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401-33, the Commissioner of Social Security ("Commissioner") contends that the complaint must be dismissed because it was not filed within sixty days of the receipt of the Appeal Council's unfavorable decision as required by 42 U.S.C. § 405(g).[1]  The plaintiff, David E. Kalin, Jr., argues that his complaint was sent to the Clerk of Court three days before the deadline, but was not docketed until four days after the deadline.

Because the complaint was not filed within sixty days of the receipt of the Appeals Council's denial of request for review, we shall grant the Commissioner's motion.

---

[1] In support of her motion to dismiss, the Commissioner has filed the affidavit of Robert Weigel, Chief Court Case Preparation and Review Branch 2 of the Office of Disability Adjudication and Review.

The Commissioner does not cite the Federal Rule of Civil Procedure upon which she relies. However, because she argues that the complaint was not timely filed and is barred by the applicable statute of limitations, her motion appears to be grounded on Rule 12(b)(6).  *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (reiterating that the Third Circuit permits a limitations defense to be raised in a Rule 12(b)(6) motion, but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.").

**Facts**

After the Administrative Law Judge ("ALJ") denied his application for SSI benefits, Kalin requested review of the decision by the Appeals Council. By letter dated October 22, 2013, the Appeals Council denied Kalin's request for review. Decl. Ex. 2. The denial letter included instructions on how to institute a civil action for judicial review of the ALJ's decision. It informed Kalin that if he wished to file a civil action, he had to do so within sixty-five days of the date of the letter. The letter was dated October 22, 2013. Thus, Kalin had until December 26, 2013 to file his complaint.

According to Kalin, his attorney mailed the complaint and the filing fee via first class mail on December 23, 2013. The complaint was filed and docketed by the Clerk on December 30, 2013, sixty-nine days after the Appeal Council's notice of denial of the request for review.

**Analysis**

The time within which a claimant may seek judicial review is fixed by statute. The relevant provision, 42 U.S.C. § 405(g), states as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action *commenced* within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C § 405(g) (emphasis added).

The Commissioner, by regulation, extended the date to sixty days from receipt, rather than mailing, of the Appeals Council's decision. *See* 20 C.F.R. § 422.210(c). The notice of the decision is presumed to have been received five days after its date. *Id.* The regulation states as follows:

> Any civil action described in paragraph (a) of this section must be instituted within 60 days after . . . notice of the decision by the Appeals Council is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of the section, the date of receipt of . . . the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). Therefore, reading the statute and the regulation together, a claimant has sixty-five days from the date of the Appeals Council's decision to commence a civil action.

In this case, the Appeals Council's decision was dated October 22, 2013. Kalin is presumed to have received the denial notice five days after October 22, 2013, or on Sunday, October 27, 2013.² Sixty-five days from October 22, 2013 was December 26, 2013. Thus, Kalin had until Thursday, December 26, 2013, to "commence" his civil action challenging the Commissioner's denial of benefits. *See* 42 U.S.C.A. § 405(g).

---

² Kalin does not allege that he received the decision of the Appeals Council *after* the five-day delivery period allowed in 20 C.F.R. § 422.210(c). Nonetheless, applying Rule 6 of the Federal Rules of Civil Procedure, a 65-day period beginning on October 28, 2013, a Monday, would have ended on Friday, December 27, 2013. The one-day extension is not case-dispositive because the complaint was filed on Monday, December 30, 2013.

In computing the time for filing, the last day of the filing period is excluded if it is a Saturday, Sunday, or a legal holiday. Fed. R. Civ. P. 6(a)(1)(C). Congress has also provided a list of excluded days in the Social Security context. *See* 42 U.S.C. § 416(j)(the final day is excluded if it is a Saturday, Sunday, legal holiday or "any other day all or part of which is declared to be a nonwork day for Federal employees by statute or Executive order"). It is not clear which rule applies to the filing of Social Security appeals in district court. *Compare* 42 U.S.C. § 416(j) (the provision applies "when any regulation issued by the Commissioner . . . provides for a period within which an act is required to be done which . . . is necessary to establish or protect any rights under this subchapter") *with* Fed. R. Civ. P. 6(a) ("computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time"). *Compare Newman v. Bowen*, 85-CV-6581, 1986 WL 15585, at *1 (S.D. Fla. Dec. 24, 1986) (excluding a final Sunday pursuant to Rule 6(a)) *with Davila v. Barnhart*, 01-CV-194, 2002 WL 484678, at *1 n.1 (S.D.N.Y. Apr. 1, 2002) (excluding a final Saturday and Sunday pursuant to section 416(j)); *Guinyard v. Apfel*, 99-CV-4242, 2000 WL 297165 at *3 (S.D.N.Y. Mar. 22, 2000) (excluding a final Sunday without citing authority); *and Marte v. Apfel*, 96-CV-9024, 1998 WL 292358, at *9 n. 2 (S.D.N.Y. June 3, 1998) (excluding Saturday, Sunday and Labor Day without citing authority). *See also Banks v. Astrue*, 73 Fed. R. Serv. 3d 1477 (W.D. Ky. 2009) (holding that Rule 6 does not apply because "[t]he five-day grace period at issue in the present case is specified in a *regulation*," not a rule, court order or a statute). Again, we need not reach the issue because there is no dispute that the complaint was filed on December 30, 2013, past the deadline.

A "civil action is *commenced* by filing a complaint with the court." Fed. R. Civ. P. 3 (emphasis added); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984). "Filing" is defined in Rule 5(d)(2), which states that a "paper is filed by delivering it" to the clerk. Fed. R. Civ. P. 5(d)(2)(A). In other words, filing does not occur until the complaint is delivered to the clerk. *See Perkins v. Soc. Sec. Admin.*, No. 09-cv-52, 2009 WL 2431396, at *1 n.1 (W.D. Va. Aug. 7, 2009).

Instead of hand-delivering the complaint to the clerk's office, counsel mailed it on December 23, 2013, three days before the statute of limitations and two days before Christmas. It was not delivered and filed until four days after the deadline had passed.

Kalin argues that "notwithstanding the above date of mailing, the Clerk of Court did not enter the documents into the docket until December 30, 2013." Mem. at 2. Without citing any evidence, he states, "Plaintiff would submit that the Complaint and related documentation was actually received by Clerk of Court prior to December 30, 2013, and for [unspecified] reasons related to the Christmas holiday was not docketed until that later date." *Id.* at 2-3. The problem with his argument is that he has no proof that the complaint was timely filed. The Clerk date-stamped the complaint, noting the date of receipt as December 30, 2013.

Mailing papers does not constitute filing. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 604-05 (7th Cir. 2006); *Clark v. Comm'r*, No. 11-1255, 2012 WL 1830218, at *3 (W.D. Mich. May 18, 2012). "It is well established that when papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of those papers, and that filings reaching the clerk's office after a deadline are untimely, even if they are mailed before the deadline." *Crawford-Mulley v. Corning, Inc.*, 77 F. Supp. 2d 366, 368

(W.D.N.Y. 1999); *see Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir.1986); *Perkins*, 2009 WL 2431396, at * 1 n.1; *see also McIntosh v. Antonio*, 71 F.3d 29, 36-37 (1st Cir. 1995); *United States v. White*, 980 F.2d 836, 845 (2d Cir.1992); *accord Adidas Am., Inc. v. Calmese*, 662 F. Supp. 2d 1294, 1300 (D. Ore. 2009); 2 Moore's Federal Practice ¶ 5.30 ("[T]he filing requirement [of Rule 5] is met only on actual receipt of the documents or when they are placed in the box in the clerk's office.").  Because the filing did not occur until Monday, December 30, 2013, the complaint was untimely filed.

Kalin does not invoke equitable tolling, nor could he on this record.  He does not allege that he lacked notice of the filing requirement or that he requested an extension from the Appeals Council to file his complaint.  Nor does he offer any excuse for not filing within the filing period.

Because Kalin's complaint was filed after the statutory period for doing so had expired, we shall grant the Commissioner's motion and dismiss the complaint.[3]

---

[3] Notwithstanding the dismissal of Kalin's complaint, he is not prohibited from filing a new application for benefits in the future.