IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID E. KALIN, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ASTRUE, Commissioner | : | |
| of the Social Security Administration | : | NO. 13-7642 |

### MEMORANDUM OPINION

Savage, J.                                                                                                                        May 28, 2014

In moving for reconsideration, plaintiff David E. Kalin, Jr. argues that the dismissal of his complaint for failure to file within the time specified in 20 C.F.R. § 422.210(c) constitutes manifest injustice. He reiterates the argument he made in his response to the Commissioner's motion to dismiss. Kalin contends that he mailed the complaint to the Clerk of Court three days before the deadline and it is "unlikely" that it was not received until four days after the deadline. Mot. for Reconsideration at 3 (Doc. No 10-1). The Commissioner opposes the motion, arguing that we have already rejected this argument and there is no "manifest injustice" because Kalin is not prohibited from filing a new application for benefits.

A Rule 59(e) motion is subject to the "sound discretion of the district court." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). The scope of a motion for reconsideration "is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). It is "not to be used as an opportunity to relitigate the case; rather, [it] may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). Accordingly, a party may move the court to alter or

amend a judgment under Rule 59(e) where there is: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Id.*; *see also N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Kalin contends that it was manifest injustice to dismiss the complaint.  He asserts that "'sound judicial policy favors disposition of cases on their merits rather than on procedural defaults.'" Mot. for Reconsideration at 3 (citing *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988) (upholding the district court's refusal to enter default judgment for failure to comply with a discovery order because of the "extreme nature" of default judgment)).

Consistently, federal courts have strictly construed the 60-day time limit set forth in 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c).  They have dismissed complaints where the plaintiffs had missed the filing deadline by as little as one day.  *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming the district court's determination that the complaint was one day late, and noting that the "case is a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits."); *see also Twumwaa v. Colvin*, No. 13-5858, 2014 WL 1928381, at *3 (S.D.N.Y. May 14, 2014) (seven days late) (citing *Pressley v. Astrue*, No. 12-8461, 2013 WL 3974094, at *2-3 (S.D.N.Y. Aug. 2, 2013) (five days late); *Smith v. Comm'r of Soc. Sec.*, No. 08-1547, 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (four days late); *Johnson v. Comm'r of Soc. Sec.*, 519 F. Supp. 2d 448, 448-49 (S.D.N.Y. 2007) (nine days late)); *Chiaradonna v. Schweiker*, 569 F. Supp. 1471, 1474 (E.D. Pa. 1983) (13-day delay) (citing *Wiss v. Weinberger*, 415 F.

Supp. 293, 294 (E.D. Pa. 1976) (one day late); *Gaither v. Gardner*, 295 F. Supp. 458 (Md. 1969) (one day late); *Zeller v. Folsom*, 150 F. Supp. 615, 617 (S.D.N.Y. 1956) (one day late); *Sverha v. Mathews*, 408 F. Supp. 1064, 1066 (E.D. Pa. 1976) (one day late); *Richardson v. Sec. of Health, Educ. And Welfare Soc. Sec. Admin.*, 403 F. Supp. 1316, 1318 (E.D. Pa. 1975) (two days late); *Willis v. Weinberger*, 385 F. Supp. 1092, 1095-96 (E.D. Va. 1974) (three days late); *Mack v. Finch*, 313 F. Supp. 478 (W.D. Pa.1970) (three days late)).

We determined that Kalin's complaint was four days late. Further, we noted that Kalin did not invoke equitable tolling.

Because Kalin has presented no new evidence, there has been no intervening change in the law and there is no manifest injustice, his motion for reconsideration will be denied.